

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2006

# Lumenta v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3546

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lumenta v. Atty Gen USA" (2006). *2006 Decisions*. Paper 613.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/613

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3546

_____

RONALD REYN LUMENTA, TINA MELINA,
and TAMMY REYNALDA,
Petitioners

vs.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

ON REVIEW OF A PETITION FOR REVIEW OF AN ORDER
OF THE UNITED STATES DEPARTMENT OF JUSTICE
BOARD OF IMMIGRATION APPEALS
(BIA Nos. A-96-262-369; 96-262-370; 96-262-371)

_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2006
Before: SMITH, WEIS and ROTH, Circuit Judges.

(Filed: August 4, 2006)

_____

OPINION

_____

WEIS, Circuit Judge.

Petitioner Ronald Reyn Lumenta appeals the June 29, 2005 Order of the

Board of Immigration Appeals ("BIA") affirming the Immigration Judge ("IJ")'s opinion

1

and order denying Lumenta's application for asylum.[1]  Pursuant to 8 U.S.C. § 1252, we have jurisdiction over this petition for review of the BIA's final determination.  We will deny the petition for review.

Lumenta is a native of Indonesia and is a Christian.  He entered the United States in February 2002 and overstayed his visa.  After conceding that he was removable, Lumenta appeared at a hearing before the IJ and asserted claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  Lumenta contended that if he returned to Indonesia, he would face persecution because he was Christian.  He has not appealed the denial of his requests for withholding of removal and relief under CAT.

Lumenta testified that in 1999 he was a patient in a mental health clinic at the Doulos compound in Indonesia when Muslim extremists attacked the compound and set it ablaze.  He further testified that, as a result of this incident, he was traumatized and feared that "the Muslims will mistreat me" if he returned to Indonesia.  He did not testify that any of the individuals who attacked the facility were associated with the Indonesian government, nor did he testify that he feared persecution from the Indonesian government.

_____

[1] Lumenta is the lead applicant for asylum.  The applications of Tina Melina, Lumenta's wife, and Tammy Reynalda, Lumenta's daughter, are derivative of Lumenta's application.

Where, as here, the BIA affirms and adopts the IJ's decision we review the IJ's decision as if it were the decision of the BIA. See 8 C.F.R. § 1003.1(e)(4); Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003). We apply the substantial evidence test to determinations of whether an alien has suffered past persecution or has a well-founded fear of future persecution. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (citing Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001)). The substantial evidence test is also applied to credibility determinations. Id. at 272 (citing Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998)). We must uphold an adverse credibility appraisal "unless 'any reasonable adjudicator would be compelled to conclude to the contrary.' " Id. (citing 8 U.S.C. § 1252(b)(4)(B)).

Asylum may be granted to "a person unable or unwilling to return to the country of that person's nationality or habitual residence because of past persecution or because of a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion." Id. at 271-72 (3d Cir. 2002). The applicant for asylum bears the burden of demonstrating that he has been persecuted or has a well-founded fear of future persecution. See Chen v. INS, 344 F.3d 272, 274 (3d Cir. 2003).

Even if the petitioner's testimony about the attack on the mental institution was credible, substantial evidence supported the IJ's determination that Lumenta did not meet his burden of demonstrating that he had been persecuted or that he had a well-

3

founded fear of future persecution. He has not presented any individualized evidence that he has been, or would be, singled out for persecution. See, e.g., Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (holding that an alien was not entitled to asylum where she "failed to establish either that she faces an individualized risk of persecution or that there is a 'pattern or practice' of persecution of Chinese Christians in Indonesia").

Lumenta presented no evidence that the attack on the facility was in any way tied to his presence there or that he was likely to be persecuted if he returned to Indonesia. In fact, he returned to Indonesia for several months following his first stay in the United States in 2001 and did not encounter any problems.

Because we have determined that substantial evidence supports the IJ's finding that Lumenta was not entitled to asylum, we need not reach the issue of whether his application for asylum was time-barred.

Accordingly, we will deny the petition for review.